FLEISCHMANN v. FLEISCHMANN et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

INFRINGEMENT OF TRADE LABELS—FALSE REPRESENTATIONS BY PLAINTIFF.

The rule that equity will not protect a person against infringement of trade marks or labels, where he has been guilty of false or misleading representations in relation thereto, cannot be invoked in an action to enjoin an infringement, where defendant neither pleaded that plaintiff had made any false representations nor offered proof thereof on the trial.

Appeal from special term, New York county.

Action by Charles Fleischmann against Jacob Fleischmann and others for an injunction. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Bainbridge Smith, for appellant.

Samuel Cohn, for respondents.

INGRAHAM, J. We agree with the learned judge at special term where he says:

"I think the evidence establishes clearly that the defendants' labels are not only imitations of those used by the plaintiff, but were designedly simulated by the defendants for the purpose of inducing the public to believe that the yeast to be obtained in packages sold by them had been manufactured by the old firm of Fleischmann & Co., the plaintiff"

—And with the reasons for this conclusion stated in the very satisfactory opinion upon that question. The court, however, felt constrained to dismiss the complaint on the ground that the plaintiff, by using the word "Patented" upon his labels, had made a false representation to the public; applying the principle that, if the plaintiff is himself guilty of any false or misleading representations in relation to the property he seeks to protect, he loses the right to obtain the assistance of a court of equity.

While we regard the rule as stated by the court below well settled in this state, we do not think it should have been applied in this case, as the defendants neither pleaded that the plaintiff had made any false representation, either in his trade-mark or in the business

connected with it, nor did he prove or offer to prove upon the trial that any statement of the plaintiff's contained in his trade-mark was false or fraudulent, nor was any motion made to dismiss the complaint on the ground stated. At the commencement of the trial, before any evidence was offered, the defendants moved to dismiss the complaint, on the ground that the court had no jurisdiction, as the action was in fact for an infringement of letters patent. After the evidence was all in, the counsel for the defendants again moved to dismiss the complaint, upon two grounds: (1) "That the court had no jurisdiction of the cause of action;" and (2) that the "plaintiff had failed to make out a cause of action, as it is in evidence that the defendants' name is Fleischmann, and they have the right to use that, and there is no evidence on the part of the plaintiff of any deception." There seems to have been no intimation of any kind, either by the pleadings or by counsel upon the trial, that the allegation on the wrappers and labels used by the plaintiff that a patent had been obtained by him was false or untrue; and, when a defendant comes into a court of equity, and seeks to justify his appropriation of another's trade-mark, or his unfair competition in business, by which he is enabled to deceive the public into thinking that his goods are the goods of another, on the ground that the plaintiff has in some way, in the description of his goods, been guilty of fraud or deceit, so that a court of equity will not aid him in protecting his trade-mark or business, we think that that fact should be alleged in the answer and proved upon the trial.

This case is a flagrant example of the adoption by these defendants of the plaintiff's trade-mark and name for the purpose of selling their goods to the public as the goods of the plaintiff. These defendants, the Fleischmanns, were originally in the employ of the plaintiff. They left his employ and commenced business as Fleischmann & Bros.; but, that name not being as close a similarity as was necessary to enable them to sell their goods as the plaintiff's, they took in a partner, and changed the firm name to Fleischmann & Co., under which the plaintiff had done business, and had established a valuable business connection. They then proceeded to adopt labels for their goods, of a color so similar that, except upon comparison, no difference could be noticed, using almost the exact words used by the plaintiff, and going further, so as to imitate the signature of the plaintiff upon the labels. To refuse to allow relief for such a flagrant violation of common honesty, strict proof should be required of some act of the plaintiff which placed his business and property outside of the protection of the law. Fraud must always be proved. It is never presumed. And yet this judgment proceeded upon the assumption that a statement upon plaintiff's trade-mark was false, and thus a misrepresentation. It is stated in the respondents' brief that, "upon a motion being made by the defendants, it was conceded by the plaintiff that, although the word 'Patented' appeared upon the label, and although the words inserted upon the wrapper appeared thereon which we above referred to, yet, nevertheless, the letters patent granted to the plaintiff were declared unconstitutional in the year 1879." No such concession appears upon the record,

and counsel for the appellant, in his brief submitted, states that, had that point been made, letters patent would have been produced which would justify the statement upon the wrappers.

It seems hardly necessary to cite authorities to establish the proposition that, where fraud or misrepresentation of the plaintiff is relied upon as a defense to the enforcement of a legal right, it must be pleaded and proved upon the trial. But the case of Honegger v. Wettstein, 94 N. Y. 259, is in point. There the court say:

"Counsel for the defendants insist that they, having proved that the goods sued for, and alleged to have been sold at one price, were by the plaintiffs valued and entered at a lower price in the invoices prepared and transmitted by them with the goods, for the purpose of entering the same in the custom-house, and that plaintiffs had thereby knowingly made, or attempted to make, the entries thereof by means of the false invoices, in consequence of which the goods were forfeited to the United States, the court was bound to take notice of the undervaluation, and that, the contract proved being fraudulent by law, the court could not give effect to the same, and was justified in directing a verdict in favor of the defendants. The correctness of this rule is beyond dispute, and, where it is made to appear, upon the plaintiffs' own proof, or upon a defense interposed by the defendants in due form, that the contract in question was illegal, and that the goods were bought and sold for the express purpose of being introduced into the country in violation of its revenue laws, and that the vendor is either a sharer in the illegal transaction, or assisted in defrauding the customs, it is a defense to the action, and the plaintiffs cannot recover. In the case at bar no such facts were proved by the plaintiffs upon the trial, and no such defense was set up in the answers of the original defendants. * * * The examination which we have given to the question considered leads us to the conclusion that, inasmuch as the defendants Wettstein and Meyer did not plead the defense of undervaluation in either of their answers, they were not at liberty to insist upon the illegality of the transaction."

In this case, this defense not having been pleaded, and no proof having been offered to sustain it, we think the plaintiff should have had judgment. The judgment should therefore be reversed, and judgment directed, in favor of the plaintiff, restraining the defendants from using the wrappers set up in the complaint, with costs to the plaintiff in this court and in the court below. All concur.