(36 Misc. Rep. 376.)

FALK et al. v. AMERICAN WEST INDIES TRADING CO.

(Supreme Court, Special Term, New York County. November, 1901.)

1. TRADE-NAME—INJUNCTION.

That a director, named Falco, of a cigar manufacturing company, had given the corporation the right to use "Falco" as a trade-mark for its cigars, did not authorize it to use the words "El Falco" as a trade-mark, as against a firm which had used the words "El Falcon" as a trade-mark for its cigars for more than 20 years.

2. SAME—ATTEMPT TO DECEIVE.

An evident attempt to deceive the public and obtain a benefit by the use of a name for which another has established a reputation will be enjoined.

Action by Mortimer Falk and others against the American West Indies Trading Company. Injunction granted.

Wise & Lichtenstein, for plaintiffs.
Isaac M. Aron, for defendant.

SCOTT, J. This is an action to restrain the use by the defendant of a trade-mark alleged to be an unlawful imitation of a trade-mark belonging to and used by the plaintiffs, who are manufacturers of cigars at Key West, Fla. The defendant manufactures cigars at Porto Rico. As early as 1879 the firm of Lichtenstein Bros. & Co. adopted and used the arbitrary name "El Falcon" as a trade-mark for cigars manufactured and sold by them. In 1886 their business was merged into and transferred to a corporation known as Lichtenstein Bros. Company, and that company thereafter used the same arbitrary name to distinguish cigars made and sold by it. In 1889 the corporation of Lichtenstein Bros. Company duly sold and assigned to plaintiffs the sole and exclusive right to manufacture and sell cigars under said arbitrary name or trade-mark, and the plaintiffs have ever since used said name as a trade-mark to distinguish cigars manufactured by them, and have annually sold great numbers of cigars thereunder. The defendant has adopted as a trade-mark to distinguish cigars made and sold by it the words "El Falco," claiming the right to do so because the manager of its factory and one of its directors, named Gregario Lopez y Falco, has granted the right to use the word "Falco," part of his name. The form, color, and appearance of the labels used by plaintiffs and defendant are quite different. The case, as made by the pleadings and proof, is strikingly similar to the leading case upon the subject in this state. Hier v. Abrahams, 82 N. Y. 519, 37 Am. Rep. 589. As was pointed out by the court in that case, trade-marks are of two kinds, either pictures or symbols, or a peculiar form and fashion of label, or simply of a word or words, which, in whatever form printed or represented, continue to be the distinguishing mark of the manufacturer who has appropriated it or them, and the name by which his products are known and dealt in. The trade-mark sought to be protected is of the latter description, and it may be used by the manufacturer who has adopted it in any form of print or any style of label, and its use by another in any form is unlawful, and may be restrained. All that is necessary to sustain an injunction is that the imitation should be the same to the eye, or should sound the same to the ear, as the genuine trade-mark. Of course, absolute identity is not essential, and such is rarely found, for it is similarity, and not identity, that is usually resorted to where one party seeks to benefit himself by the use of a name for which another has established a reputation. Celluloid Mfg. Co. v. Cellonite Mfg. Co., 32 Fed. 94. The similarity both to the eye and to the ear between the trade-mark belonging to the plaintiffs and that adopted by the defendant is apparent, and is much closer than the similarity found in many cases in which injunctions have issued. The defendant cannot successfully meet the plaintiffs' contention by the allegation that its manager and

director granted them the privilege to use a part of his name. It is true that the law will protect the right of a man to use his own name in his own business, even if, by so doing, he may injure another of the same name who has gained a reputation in the same or a similar business; but in such cases it must appear that the name was honestly used, and the court will permit no artifice or conceit designed or calculated to mislead the public. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769. In the present case the adoption of the word "Falco" was an obvious subterfuge. Although that word may have been a part of the name of defendant's manager, it was not that by which he was commonly known, which was merely Gregario Lopez, and, in any event, there was no identity between him and the defendant corporation. The defendant certainly gains no immunity in the use of the name "Falco," because a man of that name was its manager or one of its directors, which it would not enjoy if no such person was connected with it in any capacity. Higgins Co. v. Higgins Soap Co., supra. The plaintiffs are entitled to an injunction, with costs.

Judgment for plaintiffs, with costs.