FALK et al. v. AMERICAN WEST INDIES TRADING CO.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. TRADE-MARKS—IMITATION—INJUNCTION—NAME OF MANAGER.
    Where plaintiffs had adopted, and for 20 years used, the words "El Falcon" as a trade-mark to designate a well-known and favorite brand of cigars of their manufacture, the use of the words "El Falco" by a rival manufacturer to designate a brand of cigars should be enjoined, and the fact that "Falco" was a part of the name of defendant's manager, who was always known by the name of Lopez, was no defense.

2. SAME—PLEADING—FALSE REPRESENTATION—EVIDENCE.
    Where, in an action to restrain the use of an imitation of plaintiff's trade-mark for cigars, the complaint alleged that such cigars were of excellent quality of material and superior workmanship, a denial of such allegation did not entitle defendant to give affirmative evidence of the poor quality of plaintiff's goods, or as to false representations concerning them which would mislead the public.

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Mortimer Falk and others against the American West Indies Trading Company. From a judgment for plaintiffs (73 N. Y. Supp. 547), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Isaac M. Aron, for appellant.
Morris S. Wise, for respondents.

PATTERSON, J. The appeal in this action is from a judgment entered at the special term, by which the defendant, its officers, servants, attorneys, and agents, were enjoined and restrained from using the title "El Falco," or any name or title which would be held to constitute an infringement upon plaintiffs' brand, trade-mark, or title of "El Falcon," in connection with the manufacture or sale of cigars within the United States; and it was also enjoined from branding, labeling, or marking any boxes or packages containing cigars with the title "El Falco," or any imitation of plaintiffs' trade-mark, title, symbols, devices, or accessories, or from causing the same to be done; and it was likewise enjoined from using the word "Falco" alone or in any combination in connection with the manufacture or sale of cigars.

The evidence adduced at the trial satisfactorily established the right of the plaintiffs to the exclusive use of the words "El Falcon" as a trade-mark. That arbitrary or fanciful designation was adopted by the predecessors of the plaintiffs in business some 20 years ago, and has been in continuous use by the plaintiffs and their predecessors, as manufacturers of cigars, from its adoption until the present time. The proof shows that this designation is used in connection with a well-known and favorite brand of domestic cigars, and is of great value to the plaintiffs. The defendants, who are rival cigar manufacturers, adopted and used the words "El Falco" as a trade-mark designation and brand of cigars manufactured by them at Porto Rico. The right of the plaintiffs is fully established, and the testimony admits of no other conclusion than that reached by the justice at special term, that the adoption by the defendants of the words "El Falco" was an obvious subterfuge. Generally speaking, it is not necessary, in order to entitle the plaintiffs to an injunction, that there should be a fraudulent purpose on the part of the defendants in adopting as a trade-mark words so closely resembling and imitating the plaintiffs' trade-mark. While there is not exact identity, the similarity, as remarked by the court below, is very striking, and it is obvious that the mark adopted by the defendants is calculated to deceive the public, and to lead them to the supposition that the articles manufactured by the defendants and sold under their claimed trade-mark are the goods manufactured by the plaintiffs instead of the defendants. The right of the plaintiffs to protection is for the arbitrary trade-mark designation, and nothing else. In the appeal papers appear a label used by the plaintiffs and also labels used by the defendants. There is no such similarity between those labels as would entitle the plaintiffs to enjoin the defendants from using those particular labels, omitting the words "El Falco," nor does the judgment appealed from contain any such injunction. The judgment is properly limited to the prohibition of the use of the words "El Falco," and to nothing else.

The claim of the defendants that the words "El Falco" are part of the name of the defendants' manager, and were used by them with his permission, and that their brand is named after him, was evidently a device by which it was sought to evade responsibility for infringing the plaintiffs' right. As the justice at special term very properly says in his opinion:

"The law will protect the right of a man to use his name in his own business, even if by so doing he may injure another of the same name; but in such cases it must appear that the name was honestly used, and the court will permit no artifice or deceit designed or calculated to mislead the public. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769."

That the alleged permission of the defendants' manager to use his name upon a brand of cigars is a mere device is proven by the fact that the manager's name is Gregorio Lopez; that he was always known in Porto Rico and Cuba by the name of Lopez; and, although he swears that his name is Gregorio Lopez y Falco, he does not swear that he was known by that full name, or otherwise than as Gregorio Lopez.

The defendants claim that the judgment should be reversed for an error in the exclusion of evidence. They endeavored to show on the cross-examination of one of the plaintiffs that those plaintiffs did not come into court with clean hands, and that they were not entitled to relief, because of an alleged imposition upon the public by false representations as to the character and quality of the cigars manufactured and sold by them. The defendants claim that they were entitled to make that proof; that on the pleadings as they stood it was an issuable fact. The plaintiffs stated in their complaint that their trade-mark was used in connection with a brand of cigars "of excellent quality or material and superior workmanship, and the cigars are known as clear Havana cigars of the highest grade manufactured in the United States, being manufactured at Key West, in the state of Florida, in plaintiffs' factory, by skilled and experienced workmen." This allegation of the complaint is made in connection with the averment that the plaintiffs had adopted and used the trade-mark which they claim. The contents of the paragraph of the complaint in which these allegations are contained is denied, and the defendants now contend that they were entitled, by reason of the condition of the pleadings, to show that the cigars of the plaintiffs known as the "El Falcon" brand were not a superior article or excellent quality and material, and not clear Havana cigars of the highest grade manufactured in the United States, and were not manufactured by skilled and experienced workmen; or, in other words, that they were entitled to show that the plaintiffs were misleading and deceiving the public, and not manufacturing and selling such a brand of cigars as they claimed. The denial in the answer cannot be construed as entitling the defendants to give affirmative evidence as to the inferiority of the plaintiffs' goods, or as to false representations concerning them which would mislead the public. The only possible effect of that denial would be to put the plaintiff on proof of the allegation of the complaint in that behalf. But that was an entirely immaterial allegation, so far as the plaintiffs' right to an injunction for the infringement of its trade-mark was concerned, and they were not required to prove it. That the court would refuse to protect the plaintiffs if they were practicing a deceit upon the public is a thoroughly established rule in these cases. But, in order that a defendant may raise the question, it must be pleaded, unless the facts and circumstances appearing in the case are such as would authorize the court of its own motion to take notice of fraud and deceit on the part of a person seeking its protection. That it is necessary to plead the defense that the plaintiffs deceived the public by false representations concerning the article manufactured and sold by them was decided by this court in Fleischmann v. Fleischmann, 7 App. Div. 280, 39 N. Y. Supp. 1002, where it is said that "it seems hardly necessary to cite authorities to establish the proposition that where fraud or misrepresentation of the plaintiff is relied upon as a defense to the enforcement of a legal right it must be pleaded and proved upon the trial." That was an action for the infringement of a trade-mark. There the plaintiff upon the labels of his merchandise had used the word "Patented," and the trial court dismissed the complaint on the ground

that by the use of that word he had made a false representation to the public,—"applying the principle that, if the plaintiff is guilty of any false or misleading representation in relation to the property he seeks to protect, he loses the right to obtain the assistance of a court of equity." This court reversed the judgment based upon that ground for the reason that such a defense must be both pleaded and proven.

The judgment should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.