LOUIS WEISS, etc., Plaintiffs, *v.* WILLIAM TUCKER, etc., Defendants.

Supreme Court, New York County, May 19, 1927.

**Trade-marks and trade names — unfair competition — defendants conduct business under trade name of " Little Miss Dolly Hat Co." and plaintiffs under name of " Little Darling Hat Co."— plaintiffs entitled to injunction pendente lite.**

Defendants, who are conducting a business under the trade name of " Little Miss Dolly Hat Co." within the immediate vicinity of plaintiffs, who have operated under the name " Little Darling Hat Co.," should be restrained *pendente lite* from continuing business under said name, where, though defendants have acted in good faith, it appears that their trade name so closely resembles that of the plaintiffs as to give rise to likelihood of confusion.

Moreover, since plaintiffs would be entitled to an injunction restraining the infringement of their trade-mark, which was registered in the United States patent office, they should also be protected in the exclusive right to their trade name.

MOTION for an injunction *pendente lite* to restrain the defendants from continuing to do business under the name of " Little Miss Dolly Hat Co." on the ground that it infringes upon plaintiff's name of " Little Darling Hat Co."

*Meyer Alterman*, for the plaintiffs.

*Burnstine & Geist*, for the defendants.

LEVY, J. Both parties are in the business of manufacturing women's and children's hats in the city of New York, and the names of the respective concerns are registered in the county clerk's office, but plaintiffs began to employ the name in 1921, while defendants adopted their designation in 1925. Plaintiffs, moreover, registered their trade-mark in the United States Patent Office in 1924. The respective places of business are located within the immediate vicinity of each other, but there is no particular

significance in this, because there is a well-defined locality in which the millinery industry is situated.

A comparison of the two trade names indicates a great similarity, and there is concrete evidence of confusion, a number of letters addressed to the plaintiffs having been delivered to the defendants. As to the similarity of the trade-marks, the general principle is that the imitation should be the same to the eye or should sound the same to the ear, but similarity, not identity, is the true test. (*Falk* v. *American West Indies Trading Co.*, 36 Misc. 376; 71 App. Div. 320; appeal dismissed, 171 N. Y. 679.) Resemblance here is very striking to the ear even though the eye may find marked differences.

There would be little difficulty in deciding the question if the case hinged about the infringement of a trade-mark. On this phase the facts are very meagre but a fair inference from the exhibits is that defendants use as their trade-mark the picture of a young girl with the legend " Little Miss Dolly Hats," while plaintiffs have a different picture and generally without any name or phrase accompanying it. Assuming that the plaintiffs employ their trade name upon their wares, they would be entitled to restrain the imitation. The mere fact that the defendants are using it in a different style of printing would not necessarily relieve them. As is said in *Hier* v. *Abrahams* (82 N. Y. 519, 524): " The goods become known by the name or word by which they have been designated, and not merely by the manner or fashion in which the word is written or printed, or the accessories surrounding it, and the unlawful use of the name or word in any form may be restrained."

It does not appear, however, from the papers before me that defendants have been guilty of such infringement. The question then resolves itself into one of unfair competition, whether the use by the defendants of a trade name which closely resembles that of plaintiffs, so as to give rise to likelihood of confusion in the trade, will be enjoined. It should be said that while there is some evidence of actual confusion, such as the misdirection of mail, there is no clear proof that defendants have willfully contributed to this; on the contrary, they have caused to be redirected the mail received by them which was intended for the plaintiffs. However, the fact remains that there has been some difficulty in this direction, and the party entitled to the prior use of the name should receive some measure of protection, even though it will be conceded that defendants have acted in good faith. In *Ball* v. *Broadway Bazaar* (194 N. Y. 429) the doctrine is reiterated that exclusive trade names are protected very much upon the same principle

as trade-marks. In speaking for the court in that case (at p. 435) Judge WERNER said: " A trade name relates to a business and its good will rather than a vendible commodity (Brown on Trade Marks, sec. 91; Sebastian's Law of Trade Marks, p. 16). There are doubtless many instances in which the same signs, marks, symbols, etc., may serve both as trade marks and trade names. * * * The case is one * * * involving the defendant's infringement of plaintiff's trade name as distinguished from his trade mark, and, considering it in that aspect, the ultimate question is whether the findings of fact entitle the plaintiff to the judgment which the trial court rendered, or to any judgment whatever. Although we agree with the learned Appellate Division in recognizing the technical distinction between trade marks and trade names, we think the same fundamental principles of law and equity are applicable to both. ' All such cases, whether of trade mark or trade name, or other unfair use of another's reputation, are concerned with an injurious attack upon the good will of a rival business; customers are diverted from one trader to another, and orders intended for one find their way to the other.' (Sebastian on the Law of Trade Marks, p. 17.) "

Since plaintiffs would be entitled to an injunction restraining the infringement of their trade-mark, they should also be protected in the exclusive right to their trade name. The point urged that they have been guilty of laches in pursuing their rights is not very convincing. The delay in moving after the discovery of the infringement has been comparatively brief, and no acquiescence can be spelled out therefrom.

The motion is granted. Settle order, at which time may be suggested the amount of the undertaking to be furnished by plaintiffs.