ENOCH MORGAN'S SONS COMPANY, Respondent, *v.* BENJAMIN F. TROXELL et al., Appellants.

Where there is a simulation of a trade-mark, and the intent becomes a subject of inquiry, the form, color and general appearance of the packages may be material; but a party cannot appropriate an ordinary and usual form of package and fashion of label, and exclude others from its use, or the use of any thing resembling it; to sustain an action restraining such use there must be an imitation of something that can legally be appropriated as a trade-mark.

The mere idea represented by some figure, on an article sold for polishing purposes, that it will make things bright enough to be used as mirrors, cannot be appropriated as a trade-mark.

An action cannot be maintained to restrain a defendant from selling his own goods in packages and with labels he has a legal right to use, and

which do not infringe upon any trade-mark of the plaintiff, because of fraudulent representations and devices on the part of defendant to palm off his goods as those of the plaintiff.

Plaintiff prepared and sold a soap for cleaning and polishing, which was put up in square cakes, wrapped in paper coated with tin-foil, with a band of blue paper about it on which, on one side of the package, is printed in gold letters the label, " Sapolio, for cleaning and polishing, manufactured by Enoch Morgan's Sons & Co., 440 West street,New York." On the other side, " Enoch Morgan's Sons' Sapolio," with the device of a human face opposite to and reflected in a pan. Defendant thereafter prepared and sold a soap put up in cakes of a different shape from those of plaintiff, wrapped in tin-foil, with a band of blue paper ; on one side printed in large, gilt letters, Troxell's Pride of the Kitchen Soap," then a small figure of a monkey looking at some indistinct object held in his hand, on each side of which is the word " trade-mark," and below in small letters the words, " scouring and polishing." On the other side is printed in large letters, the words, " Pride of the Kitchen Soap," and six lines in small letters describing its uses. *Held*, that the facts did not show any infringement of a trade mark and that an action was not maintainable to restrain defendants from so preparing and selling their soap.

*E. M.'s Sons' Co.* v. *Troxell* (23 Hun, 632), reversed.

(Argued May 3, 1882 ; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made February 4, 1881, which affirmed a judgment, in favor of plaintiff, entered upon the report of a referee. (Reported below, 23 Hun, 632.)

This action was brought to restrain defendant from an alledged infringement upon plaintiff's trade-mark.

The material facts are stated in the opinion.

*E. More* for appellants. Defendants cannot be restrained in the use of their trade-mark, although it has a general resemblance to plaintiff's, as they have neither copied nor simulated plaintiff's, nor appropriated any thing they had not a right to. (*Amoskeag Case*, 2 Sandf. 606, 608 ; 58 N. Y. 233 ; *Gillott* v. *Easterbrook*, 47 Barb. 455 ; *Wolfe* v. *Burke*, 56 N. Y. 115, 122 ; 7 Lans. 151 ; Brown on Trade-marks, §§ 271–2 ; *Faber* v. *Faber*, 2 Abb. [N. S.] 115 ; *Falkenburgh* v. *Lucy*, 35 Cal. 52 ; Coddington on Trade-marks, §§ 19, 159 ; *Blackwell* v. *Wright*,

73 N. C. 310; L. R., 41 Chy. 359; 46 id. 707; 42 L. T. Rep. [N. S.] 857; *Cook* v. *Starkweather,* 13 Abb. Pr. [N. S.] 392; *Moorman* v. *Hoge,* 2 Sawyer, 78; High on Injunctions, p. 400, § 690; *Frese* v. *Buchaf,* 13 Off. Gaz.; 17 Barb. 608; 4 Abb. 114; 61 N. Y. 74; 35 Cal. 52; 44 Mo. 173; L. R., 13 Chy. Div. 181; *Enoch Morgan's Sons* v. *Schwackhoffer,* 55 How. 38.) Where there is a partial infringement, where defendant has attempted to imitate something which was plaintiff's exclusive property, the rule, as applicable to shelf goods, is that the purchasers must read the label, unless it is sold and known by the mark. (1 How. App. Cas. 558; 2 Sandf. Ch. 625; 11 H. of L. Cases, 36 L. J. 504; *Coleman* v. *Crump,* 70 N. Y. 578.) If defendants' package is fair competition the judgment cannot be sustained, either as to the damages or injunction, on the outside pretense that they caused their goods to be sold, as plaintiff's. (*Matthews* v. *Coe,* 49 N. Y. 61.)

*Samuel Hand* for respondent. A manufacturer of a valuable commodity, who affixes any *indicia* thereto, whereby the genuineness of its origin is assured, thereby becomes vested with an exclusive right to use such *indicia* in the sale of such commodity. (*Colloday* v. *Baird,* 7 Upp. Can. L. J. 132; *McAndrews* v. *Bassett,* 10 L. T. [N. S.] 442; *Appolinaris Co.* v. *Norris,* 23 id. 242.) The character of the mark is not of judicial prescription. Whatever the manufacturer first appropriates, a court of equity will protect. (*Wotherspoon* v. *Currie,* 27 L. T. [N. S.] 303; *Coleman* v. *Crump,* 70 N. Y. 573; *Enoch Morgan's Sons' Co.* v. *Schwachofer,* 55 How. 37; *Same* v. *Troxell,* 23 Hun, 632; *Perry* v. *Truefitt,* 6 Beav. 66; *Coats* v. *Holbrook,* 2 Sandf. Ch. 594; *Williams* v. *Johnson,* 2 Bosw. 6; *Cook* v. *Starkweather,* 13 Abb. Pr. [N. S.] 392; *Popham* v. *Wilcox,* 38 N. Y. Sup. Ct. 280.) If a trademark may be constituted of labels, names, marks, letters, symbols, form, appearance, color, style, rim, glazed or shellacked preparations, packages, cases and vessels, then such mark is infringed by the use of any such marks thereof, *a fortiori* may it be infringed by the use of that which is the most con-

spicuous and striking portion thereof. (*Hostetter* v. *Vanwin-kle*, 1 Dill. 329; *Wotherspoon* v. *Currie*, 27 L. T. [N. S.] 303; *Taylor* v. *Carpenter*, 3 Story, 548; *Braham* v. *Bustard*, 9 L. T. [N. S.] 199; *Woolman* v. *Ratcliff*, 1 H. & M. 259; *Amoskeag Co.* v. *Spear*, 2 Sandf. Sup. Ct. 599.) The question is, would the public be deceived? (*Thompson* v. *Laight*, 18 Beav. 164; *Walton* v. *Crowley*, U. S. C. C., S. D. N. Y., 3 Bl. C. C. 440; *Clark* v. *Clark*, 25 Barb. 76; R. Cox, 206; *Colton* v. *Thomas*, 7 Phila. 257; 2 Brewst. 308; R. Cox, 507; *Filley* v. *Fassett*, 44 Mo. 173; R. Cox, 538; 8 Am. L. Reg. [N. S.] 402; *Popham* v. *Wilcox*, 14 Abb. Pr. [N. S.] 206; *Coleman* v. *Crump*, 8 J. & S. 548; 70 N. Y. 573; 16 Alb. L. J. 352; *McLean* v. *Fleming*, 96 U. S. [6 Otto] 245; 13 U. S. Pat. Gaz. 913; *Hennessey* v. *White*, 6 W. W. & A. B. Eq. 216, 221; *Swift* v. *Dey*, 4 Robt. 611; R. Cox, 319; *Boardman* v. *The Meriden B. Co.*, 35 Conn. 402; R. Cox, 490; *Moses* v. *Sargood, Ewing & Co.*, Nov. 22, 1878.) Absolute identity is not required. (*Seixa* v. *Provezende*, L. R., Ch. 192; 12 Jur. [N. S.] 215; 14 L. T. [N. S.] 314; 14 W. K. 357; *Bradley* v. *Norton*, 33 Conn. 157; Cox, 331; *Barrows* v. *Knight*, 6 R. I. 434, Cox, 238; *Harrison* v. *Taylor*, 11 Jur. [N. S.] 408; 12 L. T. [N. S.] 339; *Wotherspoon* v. *Curree*, L. R., 5 H. of L. 508; 42 L. J. Ch. 130; 27 L. T. [N. S.] 393; 22 id. 260; 18 Weekly Rep. 562; 42 L. J. Ch. 130; 23 L. T. [N. S.] 443; 18 Weekly Rep. 942; L. R. 5 H. of L. 517; *Stephens* v. *Peel*, 16 L. T. [N. S.] 145; *Sohl* v. *Geisendorf*, Wilson [Ind.], 60; *Meriden B. Co.* v. *Parker*, 39 Conn. 450; 12 Am. Rep. 401; 13 Am. L. Reg. [N. S.] 153; *McLean* v. *Fleming*, 96 U. S. [6 Otto] 245.) In cases where it appears that the defendant has adopted the plaintiff's trade-mark, and it is proved that the defendant's object in doing so was to pass off his own goods as those of the plaintiff, the court will, without further inquiry, restrain the defendant. (*Hope* v. *Evans*, 30 L. T. [N. S.] 204.) The court will also restrain a defendant where there has been such deception, although proof of the defendant's object be wanting, if it appears that any one has in fact been deceived, being thereby induced to buy the defendant's goods as being the

goods of the plaintiff. (*Colman* v. *Crump*, 70 N. Y. 578.; *Saixo* v. *Provezende*, 14 L. T. [N. S.] 314; *Edelsten* v. *Vick*, 11 Hare, 78; *Taylor* v. *Taylor*, 53 L. J. Ch. 225; *Enoch Morgan's Sons' Co.* v. *Schwachofer*, 55 How. Pr. 37; 17 Alb. L. J. 238; L. J. Notes of Cases, 1867, 134; *Lea* v. *Wolf*, 13 Abb. [N. S.] 389; *Godillott* v. *Hazard*, 49 How. 9; *Popham* v. *Wilcox*, 38 N. Y. Sup. Ct. 280; 66 N. Y. 74; *Lockwood* v. *Bostwick*, 2 Daly, 521; *Kinney* v. *Basch*, 16 Am. L. Reg. 597; Coddington's Dig. of Trade-marks, 411.)  Plaintiff is entitled to an injunction against the defendants, for the reason that their sales tend to deceive the public and to produce a confusion of goods. (*Woodlam* v. *Ratcliff*, 1 H. & M. 259; *Amoskeag Co.* v. *Spear*, 2 Sandf. 399; *Wolfe* v. *Hart*, 4 Vict. [Australia] L. R., Eq. 125; *Perry* v. *Treffitt*, 6 Beav. 73; *Bininger* v. *Wattess*, 28 How. 207; *Wolf* v. *Goulard*, 18 How. Pr. 64; *Burgess* v. *Burgess*, 17 L. & E. 257; *Amoskeag Co.* v. *Spear*, 2 Lond. S. C. 599; *Fettridge* v. *Wells*, 13 How. 385; *Leighton* v. *Bolton*, 3 Dow. 293; *Merrimack Co.* v. *Garner*, 4 E. D. Smith, 487; *Croft* v. *Daly*, 1 Beav. 84; *Corwin* v. *Daly*, 7 Bosw. 222.)  The fact that the two labels appear different on comparison of the infringement with the genuine is, of itself, no defense. (*Lockwood* v. *Bostwick*, 2 Daly, 521; *Dixon Crucible Co.* v. *Guggenheim*, 2 Brewst. [Penn.] 321; Philadelphia Legal Gazette, April 8, 1870; *Swift* v. *Dey*, 4 Robt. 612–13; *Millington* v. *Fox*, Myl. & Cr. 353; *Coffeen* v. *Brunham*, 4 McL. 516; *Knott* v. *Morgan*, 2 Keen. 213.) Plaintiff was not guilty of *laches*. (*Taylor* v. *Carpenter*, 2 Woodb. & M. 1; *Amoskeag Co.* v. *Spear*, 2 Sandf. 599; *Rogers* v. *Nowill*, 22 L. J. [N. S.] Ch. 404; 17 Eng. L. & Eq. 83; *S. C.*, 17 Jur. 109; *Gillott* v. *Esterbrook*, 48 N. Y. 374; 47 Barb. 445; *Wolf* v. *Barnett*, 24 La. Ann. 97; *Lazenby* v. *White*, 41 L. J. [N. S.] Ch. 354; *Taylor* v. *Carpenter*, 2 Woodb. & M. 120; *Rodgers* v. *Rodgers*, 31 L. T. [N. S.] 285; *McLean* v. *Fleming*, 6 Otto, 1; *Harrison* v. *Taylor*, 11 Jur. [N. S.] 408; *Moet* v. *Couston*, 3 Beav. 580; *Edleston* v. *Edleston*, 1 De G. [N. S.] 185; *Estcourt* v. *Estcourt*, L. R., 1 Ch. 276.)

RAPALLO, J.   Specimens of the packages and labels used by the plaintiff, and of those used by the defendants, and which are claimed to be an infringement of the plaintiff's trade-mark, have been submitted to our inspection, and we are clearly of opinion that there is too great a dissimilarity between the two to sustain the judgment in this case.   The only points of similarity between the two articles sold are, that they are both small cakes of soap covered with tin-foil or tinned paper, and having a blue band around them, with gilt lettering.   The cakes are not even of the same shape, one being nearly square, and the other an oblong.   But we are of opinion that this form of package, with a blue band and gilt lettering, could not be appropriated by the plaintiff as a trade-mark.   There is nothing peculiar about it, and it is an appropriate and usual form in which to put up small cakes of soap, and the law of trade-marks has not yet gone so far as to enable a party to appropriate such a form of package and fashion of label, and exclude every one else from its use, or from the use of any thing resembling it. If it had, the different forms and fashions of cigar-boxes, packages of chewing tobacco, perfumery, canned goods, and other small articles, and the color or style of labels which every dealer according to his taste adopts or selects from those in use, would afford food for litigation, sufficient to give constant occupation to the courts.

All these articles of each class bear a general resemblance to each other, and the products of the different dealers can be distinguished only by the brands, marks, or names which they may put upon them, and these can be protected as trade-marks only so far as they are new and comply with the other conditions necessary to constitute a trade-mark.

When there is a simulation of a trade-mark, and the intent becomes a subject of inquiry, the form, color, and general appearance of the packages may be material, but to sustain an action there must be an imitation of something that can legally be appropriated as a trade-mark.   When we come to look at the brands or contents of the labels, they are entirely different. The label of the plaintiff on one side of the package is "Sapo-

lio for cleaning and polishing, manufactured by Enoch Morgan's Sons & Co., 440 West street, New York," and on the other side, " Enoch Morgan's Sons' Sapolio," with a well-drawn figure of a human face opposite a pan, and reflected in it.

The label of the defendants does not bear the slightest resemblance to this, except that it is blue paper, with gilt lettering; it is different in shape, and the wording is on one side in large letters, " Troxell's Pride of the Kitchen Soap," the words " Scouring and Polishing " being printed at the bottom in small letters. On the other side is printed in large letters, "Pride of the Kitchen Soap," under which are six lines in small letters describing its uses. The only mark upon the defendants' packages which presents even an idea similar to that of the plaintiff, is a very small figure of a monkey, sitting down, tail in the air, and looking at something which he holds in his hand, which may be supposed to be a mirror, or pan, or some bright article, but so diminutive as not to be at all conspicuous, and entirely different in appearance from the distinct and well-drawn figure printed on the plaintiff's label, and on each side of the monkey is the word, " Trade-mark," in very small letters. The dissimilarity in these figures is much greater even than that of the hogs in *Popham* v. *Cole* (66 N. Y. 74; 23 Am. Rep. 22). The mere idea represented by some figure on an article sold for polishing purposes, that it will make things bright enough to be used as mirrors, cannot be appropriated in a trade-mark. The figure by which that idea is sought to be conveyed may perhaps be adopted, but in this case there is no similarity whatever in the figures.

If, as we think, there was no imitation of any trade-mark of the plaintiff, the judgment cannot be sustained on the ground of fraudulent representations, or devices on the part of the defendants to palm off their goods upon individuals as the goods of the plaintiff. What remedy there is for such a wrong if proved, it is not necessary now to inquire, but the remedy clearly is not to restrain the defendants from selling their own goods in packages and with labels which they have a legal right to use, and which do not infringe upon any trade-mark of the plaintiff.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

All concur, except MILLER and TRACY, JJ., absent.

Judgment reversed.