FLEISCHMANN et al. v. NEWMAN.

*(Supreme Court, Special Term, New York County. May 3, 1888.)*

1. TRADE-MARKS—LABELS—WHAT WILL BE PROTECTED.
   The words "compressed yeast" indicate the character and composition of an article, and are not the subject of a trade-mark so that defendant will be restrained from using the same words on packages of yeast manufactured by him similar to plaintiff's goods.[2]

2. SAME.
   Nor can the form of the package be appropriated so as to exclude others from using packages of the same character.

Action by Maximilian Fleischmann and another, trading as Fleischmann & Co., against Simon Newman, to restrain defendant from manufacturing and selling compressed yeast in packages of the same size and shape as the packages of compressed yeast manufactured by plaintiffs, and from using a wrapper of the same material, and a label of the same color, and bearing the same device, as that used by plaintiffs. Plaintiffs' yeast was sold in small square packages, wrapped in tin-foil, with a circular yellow label, with "Fleischmann & Co.'s Compressed Yeast. None genuine without our signature," and a *fac simile* of plaintiffs' signature stamped on it. Defendant's yeast was put up in similar packages, with a circular yellow label, of a paler shade than plaintiffs' label, and on it was stamped, "Atlantic Yeast Company," in place of "Fleischmann & Co.'s Compressed Yeast;" and in larger type, "None genuine without my signature;" followed by, "S. Newman, Propr.," in print, and with the signature of defendant at the bottom in larger script than on plaintiffs' label. The labels were somewhat similar in general appearance, and the court found that consumers were deceived into buying defendant's yeast as that of plaintiffs', though defendant sold his yeast as of his own make.

*C. Bainbridge Smith*, for plaintiffs. *Benno Lowey*, for defendant.

INGRAHAM, J. On the facts presented in this case, I do not think plaintiff is entitled to an injunction. The only words that are on both labels are "Com-

---

[1] See People v. Wilson, 16 N. E. Rep. 540; People v. Deacons, Id. 676; People v. Hawkins, 17 N. E. Rep. 371; and People v. Lyons, Id. 391.

[2] A name alone is not a trade-mark when it is understood to signify, not the particular manufacture of a certain proprietor, but the kind or description of thing which is manufactured. Hostetter v. Fries, 17 Fed. Rep. 620; Battery Co. v. Electric Co., 23 Fed. Rep. 276. Anything descriptive of the properties, style, or quality of an article merely, is open to all. Sewing-Machine Co. v. The Gibbens Frame, 17 Fed. Rep. 623. In general, as to what words will be protected as a trade-mark, see Manufacturing Co. v. Stone Co., 35 Fed. Rep. 896, and note.

pressed Yeast," and "None genuine without our signature." These words could not be made the subject of a trade-mark. Compressed yeast indicates the character and composition of the article, and cannot be appropriated by any one to his exclusive use. *Caswell* v. *Davis*, 58 N. Y. 233. Nor can plaintiff appropriate the form of a package so as to exclude others from using the same character of package. *Enoch Morgan's Sons Co.* v. *Troxell*, 89 N. Y. 297. It appears that the general form of this label has been in general use by manufacturers of compressed yeast before and since it was first used by the plaintiff. Complaint dismissed, with costs.