INDURATED FIBRE CO. *v.* AMOSKEAG INDURATED FIBRE WARE CO.

*(Circuit Court, D. New Hampshire.   January 21, 1889.)*

TRADE-MARKS—"INDURATED FIBRE."
> The words, "indurated fibre," as applied to wares made of wood-pulp, which has been condensed and subjected to baths in linseed oil and resin and baked, designate wood fibre which has been subjected to a hardening process, and refer to ingredients, quality, and characteristics, and are not so arbitrary and fanciful as to authorize a preliminary injunction in an action to restrain their use as an infringement of a trade-mark.[1]

In Equity.   On motion for preliminary injunction.
*Wilbur F. Lunt,* for complainant.
*Livermore & Fish,* for defendant.

COLT, J.   This is a motion for a preliminary injunction.   The principal issue raised is whether the words "indurated fibre" are the proper subject of a trade-mark.   The plaintiff corporation is called the "Indurated Fibre Company," and is located in Portland, Me., and the defendant corporation is called the "Amoskeag Indurated Fibre Ware Company, and 'is located in Manchester, N. H.   Upon the papers before me, it may be said, I think, that the plaintiff is the owner of the words in question, provided they are the subject of a valid trade-mark, and also that the defendant stamps its wares with the same words, and further, that the wares made by the two companies are generally similar in composition and appearance.   To grant a motion of this character I must be clearly satisfied of the plaintiff's legal rights.   If I have serious doubt upon the question of the right of the plaintiff to a trade-mark in the words claimed, this motion should be denied, and the issues now raised should be left for determination upon final hearing.   Upon consideration of the affidavits and the authorities referred to by counsel, I have a grave doubt whether these words can constitute a valid trade-mark.   It seems to me that they do not sufficiently point either by themselves or by association, to the origin, manufacture or ownership of the article produced, but that they rather indicate the quality, class, grade, or style of such article; or, to express the distinction in another form, that they are not arbitrary or fanciful words, but are descriptive rather of the quality, ingredients, or characteristics of the manufactured article.   Indurated fibre ware is made of wood-pulp.   From the description given in the affidavits it appears that this process consists, in a general way, of first forcing the water out of the pulp and condensing it, then putting the article in a hot bath of linseed

---

[1] A name alone is not a trade-mark when it is understood to signify, not the particular manufacture of a certain proprietor, but the kind or description of thing which is manufactured.   Hostetter v. Fries, 17 Fed. Rep. 620; Battery Co. v. Electric Co., 23 Fed. Rep. 376.   Anything descriptive of the properties, style, or quality of an article merely, is open to all.   Sewing-Machine Co. v. The Gibbens Frame, 17 Fed. Rep. 623.   The words "compressed yeast" indicate the character and composition of an article, and are not the subject of a trade-mark.   Fleischmann v. Newman, 2 N. Y. Supp. 608.   In general, as to what words will be protected as a trade-mark, see Manufacturing Co. v. Stone Co., 35 Fed. Rep. 896, and note; People v. Fisher, 3 N. Y. Supp. 786.

oil and resin, and baking it at a high degree of temperature, which bath and baking are repeated several times; and finally dipping the article in linseed oil boiled down to a varnish, and again baking it. Now, it cannot be denied, I think, that "fibre," in the sense in which it is used by complainant, means "wood fibre," and that "indurated" designates the hardening process to which the article is subjected. It may be that the process accomplishes other results besides hardening the pulp, but that this is one, and perhaps the main, result, I think is quite evident. These words, then, "indurated fibre," denote, in a measure at least, the quality, ingredients, and characteristics of the article produced, and in view of this I do not think it can be fairly said that they are arbitrary or fanciful words, as understood in the law of trade-marks. The authorities cited by the plaintiff do not, to my mind, support his position. *Manufacturing Co.* v. *Manufacturing Co.*, 32 Fed. Rep. 98, was a case turning on the arbitrary name "Celluloid." So in *Selchow* v. *Baker*, 93 N. Y. 59, the fanciful names, "Sliced Animals," "Sliced Birds," "Sliced Objects," in connection with certain games or puzzles, were held capable of being appropriated as trade-marks; and the same is true of the other cases relied on by plaintiff. The cases cited are good law, but they do not apply to this case, because it seems to me that the words now sought to be appropriated as a trade-mark are indicative of quality rather than of origin or ownership. For these reasons I must deny the present motion.