FLEISCHMANN *et al.* v. NEWMAN.[1]

(*Supreme Court, General Term, First Department.* January 28, 1889.)

TRADE-MARKS—LABELS—WHAT WILL BE PROTECTED.

> On the label used by plaintiffs on their compressed yeast the several dates of reg-
> istry are printed in fine type, in a circle, within which at the top are the words
> "Fleischmann & Co.'s," printed circularly, and at the bottom the words "Com-
> pressed Yeast," in two lines. Within these are the words "None Genuine," also
> printed circularly, and the words "Without Our *Fac Simile* Signature," forming
> three lines, following which is the *fac simile* of plaintiffs' signature. On defend-
> ant's label are marginal black lines forming a square, within which the words "At-
> lantic Yeast Company," in comparatively large type, and the words "S. Newman,
> Prop.," in small script, form a circle, and within it are the words "None Genuine,"
> printed circularly, and the words "Without My Signature. S. Newman, Prop.
> Compressed Yeast," in five lines. Both labels are square, and tinted yellow. The
> form of package and label, and the color of the latter, have been in use by a num-
> ber of persons for 10 years, though the labels of plaintiffs and defendant are of a
> lighter shade than those of other dealers. *Held,* that defendant is not guilty of an
> actionable simulation of plaintiffs' packages, or of an infringement of their trade-
> mark.[2]

Appeal from special term, New York county.

Action by M. Fleischmann and another against Simon Newman, to restrain
the use of the label, and the imitation of the packages, of plaintiffs' com-
pressed yeast.

On plaintiffs' label the several dates of registry are printed in a circle, in
small type. Within the upper semi-circle are the words "Fleischmann &
Co.'s," printed circularly, and in the lower are the words "Compressed
Yeast," each word forming a line. These five words and characters are in
comparatively large type. Within these are the words "None Genuine," also
printed circularly, and in somewhat smaller type, and the words "Without
Our *Fac Simile* Signature," in small type, each of the words "Without" and
"Our" forming a line, and the words "*Fac Simile* Signature" forming a line
on the diameter of the circle. Between these latter words and the words
"Compressed Yeast," above mentioned, is the *fac simile* of the signature
"Fleischmann & Co.," printed very finely in one line. The label is square,
and of a yellow color, and across the lower right-hand corner, without the cir-
cle, is the word "Patented." Defendant's label is also square, and of about the
same size, and of about the same shade of yellow. On it are four lines, form-
ing a square, whose sides are parallel with the corresponding margins of the
label. Within the square the words "Atlantic Yeast Company" in promi-
nent letters, and the words "S. Newman, Prop.," in small script, form a cir-
cle, of which the latter words are the lower arc. Within the upper arc the
words "None Genuine" form an arc in letters of medium size, and the words
"Without My Signature. S. Newman, Prop. Compressed Yeast," form five
lines, of which the first three are in two lines in the same type, and the words
"S. Newman, Prop.," are in one line on the diameter, and the words "Com-
pressed Yeast" are in two lines in the lower semi-circle; the latter five words
and letters being in somewhat heavier type. The letters used on defendant's
label are prominent, as compared with those used on plaintiffs' label. Sev-
eral labels used by the various proprietors of compressed yeast were given in
evidence, all of which were yellow in color, though the shades were various,
and were square, and of about the same size as the labels of the parties. On
all of these labels the words "Compressed Yeast" were used. Black ink only
was used on all the labels, including those of the parties. Complaint dis-
missed, and plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

[1]Affirming 2 N. Y. Supp. 608.

[2]Concerning what will be protected as a trade-mark, see note to report of this case at
special term. 2 N. Y. Supp. 608; Lichtenstein v. Goldsmith, 37 Fed. Rep. 359, and note.

*C. Bainbridge Smith*, for appellants.    *Benno Loewy*, for respondent.

MACOMBER, J.   The learned judge at the trial has found, by his eighth, ninth, and eleventh findings, that the form of packing compressed yeast used by the parties to this action is an ordinary and usual form of packing that substance; that the same has been in use by a number of persons and firms other than the plaintiffs and the defendant during the past 10 years; that in consideration of the nature of the substance, and of the size of the packages, the labels used by the plaintiffs and by the defendant, respectively, have substantial differences which are apparent to the casual observer.   These findings are borne out fully by the evidence in the case.   Specimens, not only of the labels used by the parties, but of the packages designed for the trade also, have been submitted on this appeal to our inspection; and it appears therefrom that there is such a great dissimilarity between the two that no charge of simulating or infringing the plaintiffs' trade-mark, or of imitating the design in which their packages are wrapped, can be maintained against the defendant.   The only point of similarity between the two is in the shade of yellow which the ground-work of the labels has.   In the case of both plaintiffs and defendant, the shade is lighter than that used by other dealers for 12 years past.   But each has its distinctive characteristics, none of which would be liable to mislead even a careless purchaser, as may plainly be seen by an inspection of the labels contained in the preliminary statement.   Under these circumstances, the defendant cannot be deemed to have simulated the design of the plaintiffs' package, so as to give a right of action against him, for the simple reason that he has done no more than other dealers have done in putting up packages of this description, which must necessarily be of about a prescribed size in order to be marketable, and there is no law of this state which prohibits a manufacturer or dealer from using the words "Compressed Yeast."   The manufacture of this article is open to all competitors, and they cannot be held liable in any action to restrain them where they plainly put their name upon the label, even though they do happen to use light yellow for the background of the paper upon which the description of the commodity is given.   *Enoch Morgan's Sons' Co.* v. *Troxell*, 89 N. Y. 292.   Under these circumstances the judgment should be affirmed, with costs.

All concur.