## CHAMBERLIN v. URIS SALES CORPORATION.

District Court, S. D. New York.
July 24, 1944.

Clarence G. Campbell, of New York City, for plaintiff.

Bettigole & Port, of New York City, for defendant.

BRIGHT, District Judge.

This suit is brought under the Copyright Law, 17 U.S.C.A. § 25, to restrain an alleged infringement of the copyright of the "Acy-Ducy Game and Rules," and for damages. The copyright was granted under section 5(a) of the law, 17 U.S.C.A.

§ 5(a), to Raymond E. Sabin on October 2, 1928, and was assigned by him to Emma L. Chamberlin on October 29, 1930, and by her to the plaintiff, her son, on February 5, 1942.

The complaint alleges that Sabin, prior to October 2, 1928, created an original game and wrote rules for said game entitled "Acy-Ducy."

The proof shows, however, that the game, with some variations, is the old Maskee game of India, taught to plaintiff by his grandmother, when he was eight years of age, and was known as "Acy-Ducy" at least as early as 1910, when plaintiff's acquaintances were then playing it. Plaintiff in 1928, and not Sabin, wrote the rules.

Manufacture and distribution of the game cloth and rules were commenced in early 1928 by two boys, one of them Sabin, financed by plaintiff, and continued through 1932. It is claimed that the game board attached to defendant's rules has been copied photographically, and on comparison a basis for each rule printed by the defendant will be found in plaintiff's rules.

 Plaintiff's testimony, when analyzed, is that he originated the playing of the game by four persons, instead of two, and the "kicking" off of a man when caught by an advancing opponent's man. Certainly the game was not original. It is but a slight variation of the familiar backgammon, was played in the navy at least in 1910, and since, and there is testimony which shows that it was played by four persons prior to 1928, and the practice of "kicking" was then indulged in. That practice certainly was not original; it was part and parcel of backgammon and Acy-Ducy at all times, perhaps at times under a different name. And there is also proof that the game and its checkers, dice and board, were sold by many others than plaintiff. Defendant, undisputably, did not manufacture any part of the game, it purchased the several parts, even the rules printed by someone else, assembled the same, and sold the complete unit without copying plaintiff's text. In this connection, it can easily be found that there is no copying. That the basis for each of defendant's rules may be found in plaintiff's, or that the two playing boards or cloth are similar, is not strange in view of the fact that each applied to a well known game played by many for many years, and doubtless in the same way, upon the same board and under the same rules which have been common pub-

lic knowledge and property long prior to the copyright.

Certainly originality is an essential as the basis for an action of this kind, and the parts claimed by plaintiff to be original with him have not been shown to be such. His copyright cannot prevent others from using old material. West Publishing Co. v. Edward Thompson Co., C.C., 169 F. 833–854, modified 2 Cir., 176 F. 833; Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 873, 119 A.L.R. 1250. He is not protected in his use of what was old. American Code Co. v. Bensinger, 2 Cir., 282 F. 829–834; London v. Biograph Co., 2 Cir., 231 F. 696–698; Chautauqua School v. National School, 2 Cir., 238 F. 151, 152; Bachman v. Belasco, 2 Cir., 224 F. 817, 818. And it is very doubtful if rules of a game can, in any event, be copyrightable subject matter. Seltzer v. Sunbrock, D.C., 22 F. Supp. 621–630; Downes v. Culbertson, 153 Misc. 14, 275 N.Y.S. 233; Whist Club v. Foster, D.C., 42 F.2d 782.

It follows that complaint should be dismissed upon the merits with costs. Findings may be proposed by defendant within fifteen days, and served upon plaintiff's attorney who may have ten days in which to present objections. Formal findings will then be made by the court and filed in accordance with the rules.