**ALASKA SALES AND SERVICE, Inc.,**
an Alaska Corporation, Plaintiff,

v.

**Fred R. RUTLEDGE et al., Defendants.**

**No. A-10487.**

United States District Court, Alaska
Third Division, Anchorage.

Feb. 7, 1955.

E. L. Arnell, Anchorage, Alaska, for plaintiff.

Davis, Renfrew & Hughes, Anchorage, Alaska, for defendant.

HODGE, District Judge.

Plaintiff, dealer in automotive sales and service, seeks to enjoin the defendants from acts complained of as constituting unfair competition, for damages and an accounting; and has moved the Court for a temporary injunction pendente lite. The defendant Rutledge moves to dismiss the complaint for failure to state a claim upon which relief can be granted. These motions were consolidated together for hearing and submitted on briefs.

The complaint alleges that the plaintiff is and for several years last past has been the duly franchised dealer for new Chevrolet, Pontiac, Oldsmobile, and Cadillac motor cars, and for new Chevrolet and GMC trucks; that as such franchised dealer it is the only dealer and factory agent in the Anchorage area having a franchise from the manufacturer of said makes for the sale thereof in such trade area; that the defendants, acting through the defendant Rutledge as a claimed representative of the Federal Automotive Service Company, or Federal Automotive Services Co., are representing to the general public by advertising and other means that they are authorized Alaska dealers for such motor vehicles, whereas they are not in fact franchised or authorized dealers for any of such vehicles, and that such representations are false and misleading. Plaintiff alleges numerous acts of the defendants comprising unfair trade practices. The complaint also alleges that the plaintiff has been damaged by reason thereof and will continue to suffer damages on account of such representations and trade practices, but does not claim any specific amount in damages.

The right to injunctive relief from unauthorized use of a trade-name or protection from the acts of another constituting unfair competition is well established by a long line of decisions, including this jurisdiction. The facts sup- porting a suit for infringement of a trade-mark and one for unfair competition are substantially the same. This principle has been applied to passing off defendant's goods or business as the goods or business of the other, and to protection to the vendor of goods under exclusive sales agencies as well as to the manufacturer; and has also been extended to use of the word "authorized" or "only authorized." The test appears basically to be whether there is likelihood in the advertising or business methods used of consumer confusion as to the source of the goods; or the simulation by one person of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares or services of one person for those of another, thus inducing the purchase of his wares or services under a false impression as to their origin, ownership or authority, and thereby obtaining for himself the benefits properly belonging to his competitor. Protection is afforded to the reputation which one party has acquired for his goods and services; and the public to the use of means of distinguishing them from other goods. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; National Biscuit Co. v. Kellogg Co., 3 Cir., 91 F.2d 150;[1] King Pharr Canning Operations v. Pharr Canning Co., D.C., 85 F.Supp. 150; Lone Ranger v. Currey, D.C., 79 F.Supp. 190; Perry v. American Hecolite Denture Corp., 8 Cir., 78 F.2d 556; Socony-Vacuum Oil Co. v. Oil City Refiners, 6 Cir., 136 F.2d 470; Downes v. Culbertson, 153 Misc. 14, 275 N.Y.S. 233; G. H. Mumm Champagne v. Eastern Wine Corp., 2 Cir., 142 F.2d 499; Ford Motor Co. v. Benjamin E. Boone, 9 Cir., 244 F. 335; Metropolis Bending Co. v. Brandwen, D. C., 8 F.R.D. 296; Annotation, 148 A.L.R. 12; Capehart v. Lund, D.C., 107 F.Supp. 10, 14 Alaska 11.

As was said in the opinion of the Court in the National Biscuit Company case, involving the use of a trade-name after

1. Reversed on other grounds, but sustaining same principle, Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73.

the expiration of a patent, 91 F.2d at page 153:

"When a person * * * has spent such enormous amounts of money during a period of fifteen years to create a valuable property right in the name and form of his product, equity to-day will not permit another to apply the name and form of the merchandise to his product and thus appropriate it to his own use and advantage and to the injury of the one who has created the good will."

A case clearly in point is that of Ford Motor Co. v. Boone, supra [244 F. 338], in which the Circuit Court of Appeals for the 9th Circuit holds that the defendants representing themselves to be a Ford agent is a deceptive practice which is "the very essence of unfair competition," although they had not by advertisements or otherwise made such claim "with precision," but used misleading representations to that effect and advertised cars falsely below the regular list price. This decision is followed in the following cases: Lincoln Motor Co. v. Lincoln Automobile Co., D.C., 44 F.2d 812; B. V. D. Co. v. Davega-City Radio, D.C., 16 F.Supp. 659; Ford Motor Co. v. Ford Insecticide Corp., D.C., 69 F.Supp. 935; Metropolis Bending Co. v. Brandwen, supra (holding complaint alleging passing oneself off as agent of another and copying plaintiff's advertising and method of distribution sufficient).

■ I am of the opinion that the complaint states a cause of action for unfair competition under the decisions above noted.

■ In response to an Order to Show Cause relating to the preliminary injunction, defendant Rutledge submitted affidavits denying that he had claimed that his own firm was an "authorized franchised dealer" for the automobiles mentioned, but alleging that "he is a duly authorized agent for certain franchised dealers," as sales agent of the Federal Automotive Services Co. of San Francisco; and denies that such company is a corporation. The form of "new car order" used by Rutledge with the heading "Federal Automotive Services Company" advertises to offer "Authorized dealer and factory deliveries." This raises a substantial question of fact which cannot be determined upon affidavits. Moreover, the showing made upon such application is not sufficient to clearly indicate great and irreparable injury. The power of the Court to issue such an injunction must be exercised sparingly and cautiously and only after full conviction on the part of the Court of its urgent necessity, and upon sufficient proof of conditions showing such irreparable injury which cannot be adequately compensated by damages at law; and should not be granted where there is a dispute of fact or as to the legal rights of the parties. 28 Am.Jur. "Injunctions," p. 206, Sec. 14; p. 216 et seq., Secs. 23–27, 47; Johnson v. Hummel, 7 Alaska 314.

■ There is also lacking a sufficient showing of damage or substantial injury to plaintiff. An injunction cannot be granted unless such fact is shown, nor where the injury is merely anticipatory. 28 Am.Jur., Secs. 28–30; Veatch v. Wagner, D.C., 116 F.Supp. 904, 14 Alaska 470; Smith v. Suratt, 7 Alaska 416; Alitak Packing Co. v. Alaska Packers' Ass'n, 6 Alaska 277.

The motion to dismiss is denied, and the defendant Rutledge allowed twenty days to answer.

The motion for preliminary injunction is denied, with the recommendation that the case be assigned for speedy trial on the merits.